1  Thomas C. Seabaugh, Esq., SBN 272458
   THE LAW OFFICE OF THOMAS C. SEABAUGH
2  601 West Fifth Street, Eighth Floor
   Los Angeles, California 90071
3  Telephone: (213) 225-5850
   Email: tseabaugh@seabaughfirm.com
4
   *Attorney for Plaintiff*
5

6

7
                    **UNITED STATES DISTRICT COURT**
8
                   **EASTERN DISTRICT OF CALIFORNIA**
9

10
   D.D., a minor, by and through his father      Case No.: 1:20-at-25
11 and guardian ad litem Tom Durbin,
                                                  **COMPLAINT FOR DAMAGES**
12            Plaintiff,
                                                    1. Deprivation of Civil Rights
13        vs.                                          (42 U.S.C. § 1983)
                                                    2. Battery
14 COUNTY OF KERN;                                     (California Law)
   MARCUS CLOUD;                                    3. Negligence
15 and DOES 1-10,                                      (California Law)

16            Defendants.                          **DEMAND FOR JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

1

## **COMPLAINT FOR DAMAGES**

2       Plaintiff D.D. ("Plaintiff"), by and through his father and guardian ad litem

3  Tom Durbin, for his complaint against the COUNTY OF KERN, MARCUS

4  CLOUD, and DOES 1-10 (all together, "Defendants"), alleges as follows:

5

6                                **INTRODUCTION**

7       1.     Plaintiff D.D., a juvenile diagnosed with autism, suffered a broken

8  elbow while he was a ward at James G. Bowles Juvenile Hall.

9       2.     California Welfare and Institutions Code section 851 provides that

10  juvenile hall "shall be a safe and supportive homelike environment." Plaintiff D.D.

11  and his parents believe that the juvenile hall in question fell short of that standard in

12  this case.

13       3.     On January 17, 2019, a juvenile corrections officer approached D.D.

14  from behind, pushed him against a wall, and twisted his arm behind his back until an

15  audible snap could be heard. Under the circumstances and in light of D.D.'s conduct

16  leading up to the broken elbow, his parents believe that the force was excessive and

17  unreasonable.

18       4.     The injury was serious, requiring surgery and the insertion of three

19  screws. Plaintiff continues to experience limited range of motion and weakness in

20  the injured elbow.

21       5.     As an attempt to remedy the use of unconstitutional force by a

22  corrections officer in the juvenile hall setting, this lawsuit is in the public interest.

23                                  **PARTIES**

24

25       6.     Plaintiff resides with his parents Tom and Tarra Durbin in

Ridgecrest in the State of California.

26

27

28

Case No.: 1:20-at-25

COMPLAINT FOR DAMAGES

7.     Pursuant to Local Rule 202 and Federal Rule of Civil Procedure 17, this complaint is accompanied by a petition to appoint D.D.'s father Tom Durbin as his guardian *ad litem* for the purposes of this action.

8.     The circumstances and events giving rise to this action occurred in the County of Kern in the State of California.

9.     Plaintiff sues in his individual capacity for violations of his own rights and harm that he suffered personally.

10.    At all relevant times, Officer Cloud and Does 1-10 were agents or employees of the County of Kern. At all relevant times, they were acting under color of law within the course and scope of their duties with respect to their employer. These defendants proximately caused Plaintiff's damages by integrally participating or failing to intervene in the conduct of which Plaintiff complains, and/or by engaging in other acts or omissions described below.

11.    Upon information and belief, at all relevant times Officer Cloud and Does 1-10 resided in the County of Kern, State of California.

12.    At all relevant times, Officer Marcus Cloud was a corrections officer employed by the County of Kern. At all relevant times, Officer Cloud was acting under color of law and within the course and scope of his employment. At all relevant times, Officer Cloud was acting with the implied and actual permission and consent of the County of Kern.

13.    Defendant County of Kern is responsible for Plaintiff's injuries both by virtue of statutory indemnity and statutory vicarious liability under California law. At all relevant times, Defendant County of Kern was a duly organized public entity, existing under the laws of the State of California.  Defendant County of Kern is a chartered subdivision of the State of California with the capacity to sue and be sued. At all times relevant to the facts alleged herein, the County of Kern was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the

1   United States and of the State of California. At all relevant times, County of Kern

2   was the employer of Officer Cloud and Does 1-10.

3          14.    The true names of Defendants Does 1-10 are unknown to Plaintiff,

4   who therefore sues these defendants by fictitious names.  Plaintiff will seek leave to

5   amend this complaint to show the true names and capacities of these defendants

6   when they have been ascertained.  Each of the fictitiously-named defendants is

7   responsible in some manner for the conduct and liabilities alleged herein.

8

9                        **JURISDICTION AND VENUE**

10         15.    This civil action is brought for the redress of alleged deprivations of

11   constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, and the Fourth and

12   Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded

13   on 28 U.S.C. §§ 1331, 1343, and 1367.

14         16.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because all

15   incidents, events, and occurrences giving rise to this action occurred in the City of

16   Bakersfield, California.

17

18                 **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19         17.    The foregoing allegations are incorporated as if re-alleged herein.

20         18.    Plaintiff D.D. has been diagnosed with high functioning autism,

21   social anxiety, and attention-deficit/hyperactivity disorder (ADHD), among other

22   conditions.

23         19.    Plaintiff D.D. is currently 17 years old and in the 12th grade. On

24   January 17, 2019, he was 16 years old.

25         20.    On January 3, 2019, he was admitted as a ward at the James G.

26   Bowles Juvenile Hall located at 1831 Ridge Road in Bakersfield, California.

27

28

Case No.: 1:20-at-25

COMPLAINT FOR DAMAGES

1    21.    From the day he entered the facility until the day of the incident, he

2  was denied his ADHD medication. Without his medication, he found it more

3  difficult to control his condition.

4    22.    On the evening of January 17, 2019, Plaintiff D.D. was instructed to

5  return to his room at around 6:00 or 6:30 in the evening. The other wards in the unit

6  remained in the day room. He asked for the lights in his room to be turned off so

7  that he could sleep. A corrections officer indicated that the lights would be turned

8  off.

9    23.    However, the lights were not turned off. In order to remind the

10  corrections officers of his request that his lights be turned off in his room, D.D.

11  placed his hand on the window of his room. He understood that this was customarily

12  how wards were supposed to communicate to the corrections officers that they have

13  a need or request. Corrections officers periodically inspect the rooms and would be

14  expected to see the ward's hand in the window.

15    24.    No corrections officers responded to D.D.'s hand on the window.

16  After waiting for a period of time, D.D. knocked on the door of his room. D.D.

17  could tell that it was loud in the day room, so he knocked repeatedly to try to get the

18  attention of the corrections officers. He also shouted something to the effect that the

19  guards should turn the lights off like they said they would.

20    25.    When nobody responded to his efforts to get the guards' attention,

21  D.D. decided to lay down and try to sleep with the lights on.

22    26.    Around 8:00 p.m., Officer Cloud knocked on D.D.'s door, waking

23  him up. Officer Cloud told D.D. to get his shoes and socks on and to stand by when

24  he was ready. After D.D. put on his socks, Officer Cloud grew impatient and told

25  him to put his shower shoes over his socks, which D.D. did.

26    27.    Officer Cloud then took D.D. out to where he had placed a chair in

27  front of a number of assembled wards. Officer Cloud instructed D.D. to sit in the

28  chair and explain to the other wards why he "ruined their program."

1    28.    Officer Cloud knew or should have known that D.D. suffered from

2 numerous conditions, including extreme social anxiety and autism, which would

3 prevent him from being able to navigate or cope with the situation he was being

4 placed in.

5    29.    However, D.D. was able to control himself enough to get up out of

6 the chair, put his hands behind his back, and attempt to walk back to his room.

7    30.    In attempting to walk back to his room, D.D. was following the

8 training he had received over the years previous to the incident, where he had been

9 taught to manage his conditions by de-escalating and walk away from encounters

10 that aggravated or inflamed his conditions.

11    31.    Officer Cloud knew or should have known that D.D., in getting up

12 to walk away from the encounter, was doing what he had been trained to do in order

13 to manage his condition.

14    32.    As D.D. was walking back to his room, Officer Cloud approached

15 D.D. from behind, pushed him up against a wall, and twisted his arm behind his

16 back. D.D. recalls that Officer Cloud continued to pull the arm up behind his back

17 until a loud snap sounded. Then Officer Cloud released the arm and forced D.D.

18 back into his room.

19    33.    At the time of the use of force, D.D. was on his way to his room

20 anyway.

21    34.    In the time leading up to the use of force, D.D. did not punch

22 anyone, kick anyone, or verbally threaten anyone. He was in the process of walking

23 back to his room. Breaking the elbow was unnecessary, since he was on his way

24 back to his room anyway.

25    35.    D.D. subsequently underwent open reduction and internal fixation

26 (ORIF) surgery to repair the elbow. Three screws were employed to hold the bones

27 in place while they heal.

28

Case No.: 1:20-at-25
COMPLAINT FOR DAMAGES

1    36.    To date, D.D. suffers from limited range of motion as well as

2  weakness in the injured arm.

3    37.    On June 13, 2019, Plaintiff timely served the Count of Kern with

4  the claims arising herein under state law pursuant to California Government Code

5  Section 910.4. On July 17, 2019, the County of Kern rejected these claims.

6

7              **FIRST CLAIM FOR RELIEF**

8            **Deprivation of Civil Rights (42 U.S.C. § 1983)**

9              (Against Officer Cloud and Does 1-10)

10    38.    The foregoing allegations are incorporated as if re-alleged herein.

11    39.    The acts of Officer Cloud and Does 1-10 deprived Plaintiff of his

12  particular rights under the United States Constitution. Specifically, Officer Cloud

13  and Does 1-10 violated Plaintiff's rights under the Fourth and Fourteenth

14  Amendments to the Constitution.

15    40.    Officer Cloud and Does 1-10, while acting under color of law,

16  deprived Plaintiff of his civil rights, including by breaking his elbow and also, upon

17  information and belief, by denying him his medication.

18    41.    As a direct and proximate result of the foregoing, Plaintiff was

19  harmed. In addition, in light of the nature of the conduct, Officer Cloud and Does 1-

20  10 should be assessed punitive damages in accordance with proof.

21    42.    Does 1-10 and Officer Cloud integrally participated or failed to

22  intervene in the complained-of conduct of each other individual defendant.

23    43.    Plaintiff brings this claim individually and seeks compensatory

24  damages as well as attorney fees under 42 U.S.C. § 1988.

25

26

27

28

Case No.: 1:20-at-25
                                        COMPLAINT FOR DAMAGES

## SECOND CLAIM FOR RELIEF

### Battery by a Peace Officer (California Law)

(Against Officer Cloud and the County of Kern)

44.　The foregoing allegations are incorporated as if re-alleged herein.

45.　Officer Cloud used unreasonable force against D.D. when he twisted his arm behind his back and broke his arm at the elbow.

46.　D.D. did not consent to the use of force.

47.　D.D. was harmed.

48.　The conduct of Officer Cloud was a substantial factor in causing the harm.

49.　The conduct of Officer Cloud was malicious, wanton, oppressive, or accomplished with a conscious disregard for the rights of Plaintiff, justifying an award of exemplary and punitive damages.

50.　The County of Kern is vicariously liable for the above conduct pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## THIRD CLAIM FOR RELIEF

### Negligence (California Law)

(Against All Defendants)

51.　The foregoing allegations are incorporated as if re-alleged herein.

52.　Officer Cloud and Does 1-10 had a duty, at a minimum, to conform their conduct to that of reasonably careful and prudent juvenile corrections officers.

53.　In committing the above described acts and omissions, the conduct Officer Cloud and Does 1-10 fell below that of reasonably careful and prudent police officers.

Case No.: 1:20-at-25
COMPLAINT FOR DAMAGES

1    54.    As a result of the negligence of Officer Cloud and Does 1-10,

2 Plaintiff was harmed.

3    55.    The conduct of Officer Cloud and Does 1-10, and each of them, was

4 a substantial factor in causing harm to Plaintiff.

5    56.    The conduct of Officer Cloud and Does 1-10 was malicious,

6 wanton, oppressive, or accomplished with a conscious disregard for the rights of

7 Plaintiff, justifying an award of exemplary and punitive damages as to each of them.

8    57.    The County of Kern is vicariously liable for the above conduct

9 pursuant to section 815.2(a) of the California Government Code, which provides

10 that a public entity is liable for the injuries caused by its employees within the scope

11 of the employment if the employee's act would subject him or her to liability.

## **PRAYER FOR RELIEF**

13    WHEREFORE, Plaintiff prays for relief and requests entry of judgment in

14 his favor and against all defendants as follows:

15    A.    General and compensatory damages in an amount according to

16        proof;

17    B.    Special damages in an amount according to proof;

18    C.    Exemplary and punitive damages against Officer Cloud

19        and Does 1-10, in an amount according to proof;

20    D.    Costs of suit;

21    E.    Attorney fees under 42 U.S.C. § 1988; and

22    F.    Such other relief as may be warranted or as is just and proper.

23

24 DATED:  January 13, 2020        LAW OFFICE OF THOMAS C. SEABAUGH

25

26                    By_____*/s Thomas C. Seabaugh*_____
                          Thomas C. Seabaugh
27                         Attorneys for Plaintiff

28

1   **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury.

3

4   DATED:  January 13, 2020        LAW OFFICE OF THOMAS C. SEABAUGH

5

6                                   By_____ *s/ Thomas C. Seabaugh*_____
                                        Thomas C. Seabaugh
7                                       Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 1:20-at-25
                                            COMPLAINT FOR DAMAGES