UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. D.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00064-DAD-JLT<br><br>ORDER GRANTING PETITION TO APPOINT TOM DURBIN AS GUARDIAN AD LITEM FOR THE MINOR PLAINTIFF<br><br>(Doc. 2) |

　　　　D.D. initiated this action by filing a complaint on January 13, 2020 and petitioning the Court to appoint Tom Durbin as his guardian ad litem in this action. (Doc. 2.)

　　　　Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, Plaintiff resides in Ridgecrest, California (Doc. 2 at 2), and the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

　　　　In determining whether to appoint a particular guardian ad litem, the court must consider

whether the minor and the prospective guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal.App.4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). The decision to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).

Tom Durbin is the father of D.D., who is currently 17 years old. (Doc. 2 at 2.) Because Plaintiff is under the age of eighteen, he is a minor under California law. *See* Cal. Fam. Code § 6502. Consequently, his ability to bring suit is contingent upon the Court's appointment of a guardian ad litem. Upon review of the complaint, it does not appear Mr. Durbin has any interests that are adverse to the child's. Accordingly, Mr. Durbin's appointment as guardian ad litem for his son is appropriate.

Based upon the foregoing, the Court **ORDERS**:

1. The petition for appointment of Tom Durbin as guardian ad litem for Plaintiff D.D. (Doc. 2) is **GRANTED**; and
2. Tom Durbin is appointed to act as guardian ad litem for D.D. in this action and is authorized to prosecute it on his behalf.

IT IS SO ORDERED.

Dated: **February 11, 2020**     /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE